IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPIRNGS DIVISION

PREFERRED FAMILY HEALTHCARE, INC.                                         PLAINTIFF

v.                                            Case No. 6:20-cv-06055

QUAPAW HOUSE, INC.;
CASEY BRIGHT, Individually,
and in his capacity as Chief Executive Officer;
PAT PARKER; JOHN DOES 1-5                                                DEFENDANTS

## ORDER

Before the Court is Plaintiff's Motion for Default Judgment. ECF No. 24. The Court finds that the matter is ripe for consideration.

Plaintiff filed its complaint pursuant to 28 U.S.C. § 1332(a) seeking damages for fraud and breach of contract against the Defendants. ECF No. 2. Defendant Pat Parker was served with the complaint on June 1, 2020, and the Clerk of Court entered default against him on July 13, 2020. ECF Nos. 11 and 14. Defendants Quapaw House, Inc. and Casey Bright were served on June 23, 2020 (ECF Nos. 12 and 13), and the Clerk of Court entered default against them on July 17, 2020. ECF Nos. 15 and 16. Defendant Pat Parker filed a Motion to Set Aside Default (ECF No. 20), which the Court granted. ECF No. 33. Prior to the Court granting Pat Parker's Motion to Set Aside Default, Plaintiff filed the instant Motion for Default Judgment as to all Defendants. ECF. No 24. Defendant Pat Parker filed an answer to Plaintiff's complaint (ECF No. 19) and a response in opposition to Plaintiff's motion for default judgment (ECF No. 26). No other Defendant has made any appearance in this matter to date.

The Court may enter a default judgment against a party that has failed to make a pleading or otherwise offer a defense to a claim against it. *See* Fed. R. Civ. P. 55(b)(2). An entry of default judgment is committed to the sound discretion of the trial court. *See F.T.C. v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977). Default judgments are not favored, and there is a strong judicial preference to adjudicate a matter on the merits. *See Belcourt Public School District v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (internal citations omitted).

Arkansas[1] recognizes the "common defense" doctrine, which holds that an answer by one co-defendant "inures to the benefit of other co-defendants." *See Richardson v. Rodgers*, 976 S.W.2d 941, 612 (Ark. 1998). The common defense doctrine applies when the answer of a non-defaulting defendant presents a defense that could be common to its co-defendants. *See Sutter v. Payne*, 989 S.W.2d 887, 889 (Ark. 1999). The purpose of the doctrine is to prevent inconsistent results in which one party prevails on the merits and a similarly situated party suffers a default judgment. *See Angelo Iafrate Const., LLC v. Potashnik Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004).

The Court already set aside the entry of default against Defendant Pat Parker. ECF No. 33. This renders Plaintiff's motion regarding Pat Parker moot. Defendant Pat Parker also filed an answer to Plaintiff's complaint in which he offered a blanket denial to all claims Plaintiff made against him. ECF No. 19, p. 4-6. Such a broad denial amounts to a common defense that accrues to the benefit of non-answering parties. *See Sutter* 989 S.W.2d at 889; *Richardson* 976 S.W.2d at 945. After presenting a defense common to all defendants and standing ready to defend against this suit, Defendant Pat Parker's answer inures to the benefit of all defendants. *See Allen v. Greenland*, 65 S.W.2d 424, 430 (Ark. 2002). Arkansas courts applying the common defense

---

[1] A federal court sitting in diversity applies the substantive laws of the forum state. *See Rose v. Midland National Life Insurance Co.*, 954 F.3d 1117, 1119 (8th Cir. 2020) (internal citation omitted).

doctrine have found a default judgment against a non-answering defendant to be improper in similar situations. *See Sutter* at 889-91 (holding that default judgment against a non-answering defendant was improper when answer from co-defendant offered a blanket denial of claims); *Richardson* at 944-45 (holding that default judgment should not have been entered against a non-answering defendant because co-defendant's broad denials acted as that defendant's own answer). Thus, the Court finds, in its discretion, that Plaintiff's Motion for Default Judgment should be denied.

For the reasons stated above, the Court finds that Plaintiff's motion (ECF No. 24) should be and is hereby **DENIED AS MOOT** regarding Defendant Pat Parker and **DENIED WITHOUT PREJUDICE** regarding all other Defendants.

**IT IS SO ORDERED**, this 16th day of November, 2020.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge