IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PREFERRED FAMILY
HEALTHCARE, INC.                                                              PLAINTIFF

v.                            Case No. 6:20-cv-6055

QUAPAW HOUSE, INC., *et al*.                                                  DEFENDANT

## ORDER AND JUDGMENT

Before the Court is Plaintiff's Motion for Default Judgment (ECF No. 98) against Defendant Casey Bright. Defendant Bright has not responded to the instant motion or appeared in this matter in any way. The Court finds the matter ripe for consideration.

On May 22, 2020, Plaintiff filed this case against Defendants Quapaw House, Inc. ("Quapaw"), Casey Bright ("Bright"), Pat Parker ("Parker"), and John Does 1-5. ECF No. 2. Plaintiff brought claims against Defendants for breach of contract and fraud related to Defendant Quapaw's failure to make rental payments during its lease of Plaintiff's property and facilities. *Id*. at p. 2-7.

All Defendants were served with the complaint by June 23, 2020. ECF Nos. 11, 12, 13. No Defendant initially filed an answer in the time required, and the Clerk entered defaults against every Defendant. ECF Nos. 14, 15, 16. Defendant Parker subsequently filed a motion to set aside the default against him (ECF No. 20), which the Court granted (ECF No. 33). Plaintiff's Motion for Default Judgment (ECF No. 24) as to all Defendants was therefore declared moot as to Defendant Parker and denied without prejudice regarding Defendants Quapaw and Bright because of the possibilities of common defenses existing between Defendants (ECF No. 34). Defendant Quapaw eventually moved to set aside the default against it (ECF No. 81), and the Court granted Defendant Quapaw's request (ECF No. 81).

On March 10, 2022, Plaintiff and Defendants Quapaw and Parker[1] filed a Joint Motion to Dismiss. ECF No. 96. That motion requested that Plaintiff's claims against Defendants Quapaw and Parker be dismissed without prejudice, with each side bearing their own costs and fees. The Court subsequently granted the motion to dismiss. ECF No. 97. On May 27, 2022, Plaintiff filed the instant motion seeking a default judgment against Defendant Bright. ECF No. 98. Plaintiff seeks a default judgment for its claims and requests that a hearing be set to conduct an accounting of the amount of damages Defendant Bright owes Plaintiff. *Id*. at p. 2. Defendant Bright has not answered, appeared, or defended himself in this matter in any way as of the date of this order.

Pursuant to Federal Rule of Civil Procedure 55, a district court may enter a default judgment when a party fails to appropriately respond in a timely manner. *See, e.g.*, *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997); Fed. R. Civ. P. 55(a)-(b)(2). If the court determines that a defendant is in default, the court shall take as true factual allegations of the complaint, except those relating to the amount of damages. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). However, the court must ensure that "the unchallenged facts constitute a legitimate cause of action" prior to entering final judgment. *See Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

The unchallenged facts of this case are as follows. Defendant Bright was the Chief Executive Officer ("CEO") of Quapaw House, Inc., an Arkansas based non-profit healthcare provider. On October 12, 2018, in his role as CEO of Quapaw, Defendant Bright entered Quapaw into a lease agreement with Plaintiff for the use of its facilities in Arkansas. ECF No. 2-1. Defendant Bright signed the lease agreements on behalf of Quapaw. *Id*. The lease agreement set rental payments for Plaintiff's facilities at $140,000 per month, and Plaintiff agreed to carry back

---

[1] At this stage of litigation, named Defendant Pat Parker had died and the parties had substituted his son, Michael Gregory Parker, as personal representative of the estate of Pat Parker. ECF No. 87.

a note of $533,390.00.  On February 12, 2019, a second lease agreement (ECF No. 2-2) was entered into because Plaintiff sold some of its property to a third party and intended to reduce Quapaw's rental payments accordingly.  By June 1, 2019, Quapaw defaulted on its initial carry back note and most of its rent payments under the second lease.  On June 7, 2019, the parties entered into a third lease that established a new promissory note.  ECF No. 2-3.  Plaintiff entered into this third lease partly based on assurances by Defendant Bright that Quapaw's financial difficulties were the result of changes to Arkansas' Medicaid system and that Quapaw was actively negotiating a substantial business loan with a local bank to repay its outstanding payments to Plaintiff.

From July 1, 2019, until October 1, 2019, Quapaw did not make any payments to Plaintiff pursuant to its current lease agreement.  Quapaw made a small payment in October 2019, but did not make any further payment for the remainder of 2019 or in 2020 prior to Plaintiff filing its complaint.  In October and November of 2019, Defendant Bright made representations to Plaintiff that large payments were upcoming and that he would send Plaintiff information regarding Quapaw's approval for a new business loan.  ECF Nos. 2-4, 2-5.  However, Plaintiff never received the loan approval documentation or an offer from Defendant Bright to purchase Plaintiff's properties.  Quapaw continued to occupy Plaintiff's facilities until March 2020 without making further rent payments.  As of the date of the complaint, Quapaw owed Plaintiff $2.6 million pursuant to the lease agreements.

Under those facts, Plaintiff brought claims of breach of contract and fraud against Defendant Bright.  For the breach of contract claim, Plaintiff asserts that Defendant Bright breached the express and implied covenants of good faith and fair dealing in the three agreements through "failing to pay rent, misrepresenting and obfuscating its ability to pay [Plaintiff], attempting to remain in [Plaintiff's] facilities without performing its obligations under the Lease

Agreements and refusing to provide [Plaintiff] with reasonable updates about the condition of the facilities." ECF No. 2, p. 5-6. For the fraud claim, Plaintiff asserts that Defendant Bright intentionally misrepresented Quapaw's financial condition with statements he knew or should have known to be false. *Id*. at p. 6-7. As a result of relying on those statements, Plaintiff asserts that it entered into further leases and promissory notes with Quapaw and continued to allow Quapaw to occupy its facilities. *Id*. Plaintiff further asserts that Defendant Bright is individually liable for the actions and contracts of Quapaw because the direct control and management he exerted over it indicates that Quapaw's non-profit form was a stand-in for Defendant Bright and was abused for his individual gain.[2] *Id*. at p. 7.

After reading the pleadings and the papers on file, and taking as true all factual allegations, the Court finds that Plaintiff has alleged sufficient facts to support legitimate causes of action against Defendant Bright for breach of contract and fraud. Therefore, the Court finds that Plaintiff's Motion for Default Judgment should be and hereby is **GRANTED**. Judgment is entered in favor of Plaintiff against Defendant Casey Bright. A hearing to determine the amount of damages against Defendant Casey Bright and any attorney's fees and costs owed to Plaintiff will be scheduled at a later date.

**IT IS SO ORDERED**, this 12th day of July, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] Under Arkansas law, the corporate veil will be disregarded by a court when it has been "illegally abused to the injury of a third party" by an individual using the corporate form as an "alter ego." *Anderson v. Stewart*, 366 Ark. 203, 206-07, 234 S.W.3d 295, 298 (Ark. 2006) (quotations omitted).